UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

REBECCA S.,

                              **Plaintiff,**

   vs.
                                                                **5:23-CV-628**
                                                                **(MAD/ DJS)**

**COMMISSIONER OF SOCIAL SECURITY,**

                              **Defendant.**
_____

APPEARANCES:                                        OF COUNSEL:

**OLINSKY LAW GROUP**                      **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street, Suite 210
Syracuse, New York 13202
Attorney for Plaintiff

**SOCIAL SECURITY ADMIN.**              **KRISTINA D. COHN, ESQ.**
**OFFICE OF GENERAL COUNSEL**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On September 5, 2022, Plaintiff Rebecca Seamans filed an application for Disability Insurance Benefits under Title II of the Social Security Act, alleging disability beginning on February 19, 2020. *See* Dkt. No. 8-2 at 15. Plaintiff alleges several impairments stemming from a back injury, including lumbar degenerative disc disease, left lumbar radiculopathy, foraminal left lumbar disc herniation at L5-S1 and ankylosing spondylitis. *See id.* at 18. Plaintiff's application was initially denied on April 29, 2021, and upon reconsideration on September 15, 2021. *See* Dkt. No. 8-4 at 18. On September 17, 2021, Plaintiff requested a hearing before an

1

Administrative Law Judge ("ALJ"). *See* Dkt. No. 8-4 at 22. On July 28, 2022, ALJ Bruce Fein conducted a hearing by phone conference. *See* Dkt. No. 8-2 at 39-41. On October 4, 2022, ALJ Fein issued a written decision finding that Plaintiff was not disabled under the Social Security Act. *See id.* at 15-31. On May 3, 2023, ALJ Fein's decision became the Commissioner's final decision when the Social Security Appeals Council denied Plaintiff's request for review. *See id.* at 2-5.

On May 25, 2023, Plaintiff commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the Commissioner's decision. *See* Dkt. No. 1 at 1. In a Report-Recommendation dated April 15, 2024 (the "Report-Recommendation"), Magistrate Judge Stewart recommended (1) Plaintiff's motion for judgment on the pleadings be granted; (2) Defendant's motion for judgment on the pleadings be denied; and (3) the Commissioner's decision be reversed and remanded for further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). *See* Dkt. No. 16 at 17.

Neither party has filed objections to the Report-Recommendation. When a party declines to file objections to a magistrate judge's report-recommendation or files "[g]eneral or conclusory objections or objections which merely recite the same arguments presented to the magistrate judge," the district court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367, 2017 WL 5484663, *1 n.1 (N.D.N.Y. Nov. 14, 2017) (quotation and citations omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court does not discern any clear error in the Report-Recommendation. As Magistrate Judge Stewart found, remand is warranted in this case because ALJ Fein (1) failed to properly address the consistency of medical opinion evidence, *see Rivera v. Comm'r of the Soc. Sec. Admin.*, No. 19-CV-4630, 2020 WL 8167136, *14 (S.D.N.Y. Dec. 30, 2020) ("If the ALJ fails adequately to explain the supportability or consistency factors, or bases [his] explanation upon a misreading of the record, remand is required"); *Smith v. O'Malley*, No. 23-CV-02339, 2024 WL 1983881, *10 (S.D.N.Y. May 6, 2024) ("When an ALJ does not explain why an opinion from a treating source is rejected, then the reviewing court cannot perform a full and fair review of the decision") (citing *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999)); and (2) that the ALJ's procedural error is not harmless because without an explanation of the consistency of evidence the Court cannot determine whether a proper analysis would have confirmed the ALJ's decision, nor can the Court state with confidence that assessing the whole record would establish that the ALJ did not traverse the substance of the regulation. *See Holly S. v. Comm'r of Soc. Sec.*, No. 3:20-CV-597, 2022 WL 580446, *6 (N.D.N.Y. Feb. 25, 2022) ("Several [more restrictive] findings occurred across multiple medical opinions. It seems entirely plausible to this Court that any one of these limitations could have more than a negligible impact on [the plaintiff]'s ability to perform the full range of work") (internal quotation marks and citations omitted); *see also Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019) (explaining that, in determining whether an ALJ's error is harmless, "the question becomes whether 'a searching review of the record . . . assure[s the reviewing court] . . . that the substance of the [regulation] was not traversed'") (quoting *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004)).

Accordingly, after carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

      **ORDERS** that Magistrate Judge Stewart's April 15, 2024 Report-Recommendation (Dkt. No. 16) is **ADOPTED** in its entirety for the reasons stated herein; and the Court further

      **ORDERS** that Plaintiff's motion for judgment on the pleadings is **GRANTED**; and the Court further

      **ORDERS** that Defendant's motion for judgment on the pleadings is **DENIED**; and the Court further

      **ORDERS** that the Commissioner's decision denying disability benefits is **REVERSED** and this matter is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this Order and Magistrate Judge Stewart's Report-Recommendation; and the Court further

      **ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case; and the Court further

      **ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

 **IT IS SO ORDERED.**

Dated: June 10, 2024
       Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge