UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

REBECCA S.,

                                    Plaintiff,

      vs.                                                    5:23-CV-628
                                                             (MAD/DJS)

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.

---

APPEARANCES:                              OF COUNSEL:

OLINSKY LAW GROUP                         HOWARD D. OLINSKY, ESQ.
250 South Clinton Street, Suite 210
Syracuse, New York 13202
Attorney for Plaintiff

SOCIAL SECURITY ADMINISTRATION            KRISTINA D. COHN, ESQ.
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

Howard D. Olinsky ("Petitioner"), the attorney for Plaintiff Rebecca S., moves this Court pursuant to 42 U.S.C. § 406(b)(1) for an award of attorney's fees based on the contingency fee agreement between Plaintiff and Petitioner. *See* Dkt. No. 22. The Commissioner of Social Security (the "Commissioner") "neither supports nor opposes counsel's request for attorney's fees in the amount of $39,565.00," and asserts that "[i]t is for the Court to decide" whether the requested fee award is reasonable. Dkt. No. 23 at 1.

For the following reasons, Petitioner's attorney's fees motion is granted.

1

Plaintiff commenced this action on May 25, 2023, seeking review of the Commissioner's decision denying her application for Social Security Disability Insurance benefits. *See* Dkt. No. 1. On June 10, 2024, this Court granted Plaintiff's motion for judgment on the pleadings, denied the Commissioner's motion for judgment on the pleadings, and remanded the case for further administrative proceedings. *See* Dkt. Nos. 17, 18. Petitioner then moved for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Dkt. No. 19. Pursuant to a stipulation, this Court approved an award of $8,536.11 in attorney's fees under the EAJA. *See* Dkt. Nos. 20, 21

On remand, the Commissioner issued a determination in Plaintiff's favor. *See* Dkt. No. 22-3. Presently before the Court is Petitioner's motion for an award of attorney's fees under 42 U.S.C. § 406(b), *see* Dkt. No. 22, which authorizes a court to grant "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits" awarded to a Social Security claimant, 42 U.S.C. § 406(b)(1)(A).

The contingency fee agreement between Petitioner and Plaintiff states that Petitioner may seek an award of twenty-five percent of Plaintiff's past-due benefits. *See* Dkt. No. 42-1 at ¶ 3; *see also* Dkt. No. 22-2. Plaintiff's past-due benefits from August 2020 through April 2025 total $158,260.00. *See* Dkt. No. 22-1 at ¶ 4; *see also* Dkt. No. 22-3. Petitioner seeks twenty-five percent of that total for his attorney's fees, in the amount of $39,565.00. *See id.* at ¶¶ 5-7.

## I. DISCUSSION

"The effect of § 406(b) is threefold: 'it fixes a maximum percentage for contingent fees of twenty-five percent; it permits recovery of such fees only out of past due benefits; and it requires court approval for whatever amount of fees should be paid.'" *Mileke W. v. Comm'r of Soc. Sec.*, No. 5:22-CV-1387, 2025 WL 1951822, *2 (N.D.N.Y. July 16, 2025) (quoting *Fields v. Kijakazi,*

24 F.4th 845, 852 (2d Cir. 2022)) (internal quotation marks, footnote, and alterations omitted). As the Second Circuit has stated, § 406(b) "allows contingency agreements but gives no guidance as to how a court should treat them in determining a reasonable fee." *Fields*, 24 F.4th at 852 (quoting *Wells v. Sullivan*, 907 F.2d 367, 369 (2d Cir. 1990)) (internal quotation marks omitted).

"'[B]ecause a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case'—'not an hourly rate determined under lodestar calculations.'" *Id.* at 853 (quoting *Wells*, 907 F.2d at 371). This "reasonableness" review considers the following factors:

> (1) whether the percentage is within the [twenty-five percent] cap; (2) whether there has been fraud or overreaching; (3) whether the requested amount is a windfall to the claimant's attorney; (4) the character and results of the representation; (5) the amount of time spent on the case; (6) whether the attorney is responsible for any delay; and (7) the normal charge for non-contingent-fee cases.

*Michael N. v. Comm'r of Soc. Sec.*, No. 5:23-CV-175, 2025 WL 1519316, *1 (N.D.N.Y. May 28, 2025) (citing *BillyJo M. v. Comm'r of Soc. Sec.*, 568 F. Supp. 3d 309, 311 (W.D.N.Y. 2021); *Fields*, 24 F.4th at 854).

Here, the Court finds that Petitioner's request, based on the contingency fee agreement between Petitioner and Plaintiff, is reasonable. Petitioner's request is twenty-five percent of Plaintiff's total past-due benefits. *See* Dkt. No. 22-1 at ¶ 5. There is no evidence of fraud or overreaching. Petitioner achieved a favorable result for Plaintiff. There is no delay attributable to Petitioner demonstrated in the record. Nor is there evidence in the record that the requested amount is a windfall to Petitioner because the hours spent and related fees are reasonable.

Specifically, as stated by Petitioner, "Plaintiff's attorneys and paralegals logged 40.5 hours representing Plaintiff before this court. Of this time, 34.8 hours were attorney time and 5.7 hours

were paralegal time.  If the paralegal time is billed at $100 an hour and deducted, the effective hourly attorney rate is $1,120.55." *Id.* at ¶ 9.

"'In the Northern District of New York, as well as in other districts within the Second Circuit, the average time approved by courts for routine social security disability cases ranges from twenty to forty hours.'" *Kathryne Irene C. v. Comm'r of Soc. Sec.*, No. 5:24-CV-568, 2025 WL 2172694, *2 (N.D.N.Y. July 31, 2025) (quoting *Parsons v. Comm'r of Soc. Sec.*, No. 07-CV-1053, 2008 WL 5191725, *1 (N.D.N.Y. Dec. 10, 2008)).  To be sure, "[t]he 'suggested "20-40 hours" benchmark was based on the first set of cases decided under the EAJA,' and that 'district courts have ruled a certain way for decades, without more, is not sufficient to conclude that the hours expended by the plaintiff's counsel are excessive.'" *Santiago v. Comm'r of Soc. Sec.*, No. 20-CV-11104, 2023 WL 21853, *3 (S.D.N.Y. Jan. 3, 2023) (quoting *Morales v. Comm'r of Soc. Sec.*, No. 10-CV-8773, 2021 WL 1736920, *2 (S.D.N.Y. May 3, 2021)).

Numerous courts in the Second Circuit have affirmed Petitioner's attorney's fee requests as reasonable where he performed between approximately twenty and forty hours of work.  *See Sanchez v. Comm'r of Soc. Sec.*, No. 20-CV-2091, 2023 WL 5237591, *3 (E.D.N.Y. Aug. 15, 2023); *Rivera v. Comm'r of Soc. Sec.*, No. 20-CV-8444, 2024 WL 4764481, at *2 (S.D.N.Y. Nov. 13, 2024); *Eugene C. v. Kijakazi*, No. 22-CV-00420, 2025 WL 2416971, *1 (D. Conn. Aug. 21, 2025); *Robinson v. Comm'r of Soc. Sec.*, No. 1:18-CV-04515, 2025 WL 1982357, *1 (S.D.N.Y. July 17, 2025).  Likewise, having reviewed Petitioner's affirmation, the contingency fee agreement, the Social Security Administration's Award Notice, and Petitioner's law firm's time sheets, the Court finds the hours spent and fee request to be reasonable.

Finally, "when an attorney seeks fees under both [the EAJA and § 406(b)], the EAJA award is treated as an offset: the claimant's attorney must refund to the claimant the amount of the

4

smaller fee[.]" *Mileke W.*, 2025 WL 1951822, at *3 (citing *Gisbrecht*, 535 U.S. at 796). Petitioner states he will refund the $8,536.11 EAJA award to Plaintiff. *See* Dkt. No. 22-1 at 3.

**II. CONCLUSION**

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, the Court hereby

**ORDERS** that Plaintiff's motion for attorney's fees (Dkt. No. 22) is **GRANTED** in the amount of $39,565.00; and the Court further

**ORDERS** that the Social Security Administration is directed to approve a payment of $39,565.00 to Petitioner, out of Plaintiff's past-due benefits; and the Court further

**ORDERS** that Petitioner is directed, upon payment of the § 406(b) award, to immediately refund Plaintiff the fee of $8,536.11 previously received under the EAJA; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  April 14, 2026
        Albany, New York

Mae A. D'Agostino
U.S. District Judge